[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court dissolved the marriage of the parties on May 14, 1997. At that time, the court entered orders in accordance with the oral stipulations of the parties in reference to the division of their assets. Unresolved issues involved alimony, medical insurance and life insurance, and the court was requested to decide those matters.
The court heard evidence presented by both parties and considered the criteria set forth in Connecticut General statutes, §§ 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. The plaintiff has been employed as a chauffeur. He is currently receiving severance pay from his employer at the rate of $57,000 per year. The plaintiff was unable to definitely state when the payments will cease, but anticipates they will terminate in the near future. He testified that he can obtain employment with a limousine service and earn approximately $40,000.00 per year.
The following order is based on that salary. The court finds that the defendant's medical problems prevent her from working full time. CT Page 6122
The plaintiff shall pay to the defendant as periodic alimony the sum of $275.00 per week. The payments shall commence on June 2, 1997 and continue on the first Monday of each week thereafter, in advance, until the death of either party or the defendant's remarriage, whichever event first occurs.
The parties are attempting to sell their home. As long as they continue to reside together in the marital home, they shall share equally the mortgage and real estate tax payments.
A contingent wage withholding order may enter.
2. The plaintiff shall continue to maintain the defendant as beneficiary of a life insurance policy in the minimum amount of one hundred thousand ($100,000.00) dollars for as long as the plaintiff is obligated to pay periodic alimony.
3. The plaintiff shall cooperate with the defendant for her to exercise her COBRA rights to obtain medical insurance through the plan offered by the plaintiff's current employer. The cost of the defendant's medical insurance, both through the COBRA plan and for any further medical insurance obtained thereafter by the defendant shall be equally shared by the parties. The plaintiff's obligation shall continue as long as he is required to pay periodic alimony to the defendant.
Judgment may enter accordingly.
NOVACK, J.